UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARUT PANCHITKAEW,

    Plaintiff,

-against-

NY STATE ATTORNEY GENERAL, *et al.*,

    Defendants.

19-CV-9686 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff filed this action *pro se*. On December 17, 2019, the Court transferred the matter, under 28 U.S.C. § 1391(b), to the United States District Court for the Eastern District of York. ECF 1:19-CV-9686, 6. On December 18, 2019, Plaintiff filed a motion to "Submit an Electronic Data Affidavit (Motion Request to Submit to the Court an Electronic Data in Compact Disc Format (CD))," a motion to seal, and a second amended complaint. (ECF Docs. 7-9.)

    The Court liberally construes the second amended complaint as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

**A.     Jurisdiction to Consider Motion for Reconsideration**

Generally, the transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case); *see also Lothian Cassidy, LLC, v. Lothian Exploration & Dev. II, L.P.*, 89 F. Supp. 3d 599, 601 (S.D.N.Y. 2015). The transferor court only retains jurisdiction over the action if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995). The Second Circuit has recognized an exception to this rule in very narrow circumstances. *See, e.g.*, *id.* (holding that where an action is "hastily" transferred to a district court outside of the circuit, thus depriving a "diligent petitioner" from seeking mandamus in the circuit of the transferor court, the Court of Appeals retains jurisdiction to "order a district court in this circuit to request the transferee court to return the case"). Otherwise, once a case has been transferred to another district, a party opposing the transfer must seek reconsideration in the transferee court. *See Northwest Airlines Corp. v. City of Los Angeles*, Nos. 05-CV-17930 (ALG), 07-CV-2677 (RWS), 2008 WL 4755377, at *4 (S.D.N.Y. Oct. 28, 2008).

Under this Court's Local Civil Rule 83.1, "[i]n a case ordered transferred from this District, the Clerk, unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of the case to the transferee court." The purpose of this seven-day delay is "to allow the party opposing transfer . . . to seek rehearing or appellate review." *Id.*

By order dated and entered December 17, 2019, this Court transferred the action to the United States District Court for the Eastern District of New York. (ECF No. 6.) The Clerk of Court has not yet effected the transfer as set forth in Local Civil Rule 83.1. Because Plaintiff filed his motion for reconsideration before the Eastern District of New York docketed this action,

this Court retains jurisdiction to consider the motion. *See Northwest Airlines Corp.*, 2008 WL 4755377, at *4 ("'The transfer of a case from one district to another is not complete until the papers are physically *docketed* in the office of the receiving court.'") (emphasis in original) (quoting *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997)).

**B.     Denial of Motion Under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Based on the totality of the circumstances, the Court concluded that it was in the interest of justice to transfer this action to the Eastern District of New York. Plaintiff's second amended complaint fails to demonstrate that the Court, in reaching this conclusion, overlooked any controlling decisions or factual matters. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

## C. Denial of motion under Fed. R. Civ. P. 60(b)

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

**CONCLUSION**

Accordingly, Plaintiff's motion for reconsideration is denied. The motion to seal and the motion to "Submit an Electronic Data Affidavit" are denied as moot, and the Clerk of Court is directed to terminate them. (ECF Nos. 7, 9.)

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 20, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge